UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CYNTHIA SCHNAPF, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No.   3:20-cv-00151<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

NOW COMES, CYNTHIA SCHNAPF, individually and on behalf of a class of similarly situated individuals, by and through her undersigned counsel and asserts the following claim against Defendant MIDLAND CREDIT MANAGEMENT, INC.

### Parties, Jurisdiction and Venue

1. At all times relevant to this Complaint, the Plaintiff was a citizen of the State of Indiana and resided in this Judicial District.

2. Plaintiff has filed this civil action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

3. Defendant MIDLAND CREDIT MANAGEMENT, INC. ("MCM") is incorporated in the State of Kansas and maintains its principal place of business San Diego, California 92108.

4. MCM is a debt collector as defined by Section 1692a(6) of the FDCPA because MCM routinely uses the United States Postal Service for the collection of consumer debts AND its principal purpose is the purchase of and collection of consumer debts.

5. Subject matter jurisdiction exists pursuant to 28 U.S.C. §§1331 and 1337.

6. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM routinely mails collection letters and envelopes to addresses within this District and MCM routinely collects consumer debts in this District.

7. Venue and personal jurisdiction exist in this District pursuant to U.S.C. §§ 1391(b)-(c) and 1441(a) because MCM, as a corporation, is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

8. Venue is proper in this District pursuant to 18 U.S.C. § 1391(b) because MCM is subject to personal jurisdiction within this District by virtue of the fact that it has conducted significant and continuous debt purchase and collection activities within this jurisdiction.

## Background Allegations

### A. The Subject Debt

9. Plaintiff obtained credit (the "Subject Debt") from Credit One Bank, N.A. ("Credit One"). Plaintiff incurred the Subject Debt for personal and household expenses.

10. Plaintiff made certain payments towards the Subject Debt, but thereafter, she fell into unforeseeable financial difficulties that rendered her unable to pay off the Subject Debt.

11. The Subject Debt fell into a default status and Credit One charged off the debt on October 8, 2017. MCM's collection letters to Plaintiff state that Midland Funding, LLC is the "Current Creditor" of the Subject Debt.

### B. MCM's Collection Efforts Relative to the Subject Debt

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because MCM regarded her as a "person obligated or allegedly obligated to pay" the Subject Debt.

13. In an attempt to collect the Subject Debt, MCM sent a letter to Plaintiff dated July 10, 2019 (hereafter the "Collection Letter").

14. When MCM mailed or caused the Collection Letter to be mailed to Plaintiff, to the right of Plaintiff's address the envelope was embossed with the words, "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" (hereafter the "IMPORTANT INFORMATION ENCLOSED Envelope" or "Envelope").

15. The IMPORTANT INFORMATION ENCLOSED Envelope was formatted so that the words "IMPORTANT INFORMATION ENCLOSED" formed a circle, and the words "ATTENTION REQUESTED" were placed inside of the circle at a slight upward angle.

16. The below image depicts what Envelope looked like:



17. The IMPORTANT INFORMATION ENCLOSED Envelope listed the code P50 T1597 001 to the left of Plaintiff's address.

18. This number is also contained on the face of the Collection Letter.

19. MCM routinely sends collection letters inside of IMPORTANT INFORMATION ENCLOSED Envelopes in an attempt to cause least sophisticated consumers to open the Envelopes, read the enclosed letter and call MCM about the debt.

20. MCM has determined that it collects more money from consumers when it sends letters in IMPORTANT INFORMATION ENCLOSED Envelopes.

21. On information and belief, MCM's research demonstrates that least sophisticated consumers are more likely to open collection letters sent in IMPORTANT INFORMATION ENCLOSED Envelopes than envelopes that do not contain the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

22. When Plaintiff observed the IMPORTANT INFORMATION ENCLOSED Envelope, her attention was immediately drawn to the formatting of words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

23. Plaintiff became nervous, anxious and worried after reading the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

24. As a result of the impact that the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" had on Plaintiff, Plaintiff immediately opened IMPORTANT INFORMATION ENCLOSED Envelope.

25. Plaintiff immediately opened IMPORTANT INFORMATION ENCLOSED Envelope because she was nervous, anxious and worried to learn the contends of the purported "IMPORTANT INFORMATION ENCLOSED" within the Envelope.

26. Plaintiff immediately opened IMPORTANT INFORMATION ENCLOSED Envelope because she was nervous, anxious and worried to learn why MCM chose to

say "ATTENTION REQUESTED" on the face of the IMPORTANT INFORMATION ENCLOSED Envelope.

27. MCM's use of the IMPORTANT INFORMATION ENCLOSED Envelope violates Section 1692f(8) of the FDCPA which specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

28. Section 1692f(8) contains no exceptions – any extraneous text on the envelope or on the outside of a self-mailer violates 15 U.S.C. § 1692f(8). See, *Preston v. Midland Credit Management, Inc.*, 948 F.3d 772 (7th Cir. 2020)

29. The Collection Letter listed a "Current Balance" of $$692.43 and listed to "AVAILABLE PAYMENT OPTIONS".

30. One of the payment options was for 40% OFF the Current Balance if Plaintiff paid MCM by August 9, 2019.

31. The second option was for 20% OFF the Current Balance, payable over six months.

32. The bottom of the Collection Letter contained the phrase "[w]e are not obligated to renew any offers provided."

33. When Plaintiff read the phrase "[w]e are not obligated to renew any offers provided" she was initially confused by what MCM meant by this phrase.

34. When Plaintiff re-read the Collection Letter and noted that the Letter was sent inside of an envelope marked with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED", and the Collection Letter identified a payment deadline of August 9, 2019, Plaintiff understood the phrase tome that she had a take-it-or-leave-it option relative of the 40% OFF discount offer.

35. The sense of urgency caused by the confusing nature of MCM's letter caused Plaintiff to suffer stress, anxiety and worry.

36. Plaintiff retained legal counsel to help her confirm what MCM meant by the phrase "[w]e are not obligated to renew any offers provided" where this phrase was used on debt collection letter that was sent to her in an envelope embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

37. The Collection Letter violates Sections 1692e, 1692e(2)(A), 1692e(10) and 1692f of the FDCPA.

38. In particular, he phrase "[w]e are not obligated to renew any offers provided" *has a tendency to misinform* least and unsophisticated consumer with regard to the urgency of accepting one of the proposed settlement offers.

39. As the Honorable Ilana Rover explained in her concurring opinion in the case of *Preston v. Midland Credit Management, Inc.*, 948 F.3d 772 (7th Cir. 2020) the above quoted language improperly "emphasizes and amplifies the creditor's message that it is a time-limited offer." 948 F.3d at 778.

40. According to Judge Rovner:

> I have doubts that this language actually accommodates the competing goals that the *Evory* court identified. In fact, the current safe-harbor language emphasizes and amplifies the creditor's message that it is a time-limited offer. The language is no different from the creditors' language of "limited time offer" or a "time sensitive matter," or "act now," and reinforces the idea that if the debtor does not act immediately, she may lose the opportunity to do so forever. See *Evory,* 505 F.3d at 775. ("The concern is that unsophisticated consumers may think that if they don't pay by the deadline, they will have no further chance to settle their debt for less than the full amount").

*Id.*

41. Judge Rover proposed alternative language and invited a future appeal:

> As such, I propose that this circuit reconsider whether the language of the safe-harbor provision announced in *Evory* realistically honors

> the goals that the opinion sought. Adding the following two words to the language, undoubtedly would do so more accurately: "We *may, but* are not obligated to, renew this offer."
>
> The safe-harbor language described in the *Evory* decision, however, stands. As the opinion notes, Midland Credit used the language that this circuit sanctioned, and did so appropriately. Consequently, under the current status of our circuit's law, I agree that the district court did not err in dismissing the claims set forth pursuant to section 1692e of the Act. Preston did not raise the question of the safe-harbor language in this case, and therefore this is not the appropriate time to reconsider it, but should it emerge in a future case, I urge the court to reexamine whether this safe-harbor language achieves the intended balance between the interests of creditors and debtors.

*Id.*

42. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

43. Plaintiff is represented by counsel who is well versed in consumer class actions and the prosecution and defense of FDCPA class actions.

## Causes of Action

### Count I – Individual Claim Pursuant to Section 1692f(8) of the FDCPA

44. Plaintiff CYNTHIA SCHNAPF realleges the above paragraphs as though fully set forth herein.

45. The use of the phrase "IMPORTANT INFORMATION ENCLOSED", "ATTENTION REQUESTED" on the subject Envelopes sent to Plaintiff violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

46. Plaintiff immediately opened the subject Envelopes because it contained the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

47. MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA as a matter of law because Section 1692f(8) prohibits a debt collector from using any language, other than the debt collector's address, on any envelope when communicating with a consumer.

48. MCM's use of the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED" violates Section 1692f(8) of the FDCPA because these words intended to create, and does create, a false sense of urgency to so-called least sophisticated and/or unsophisticated consumers.

WHEREFORE, Plaintiff CYNTHIA SCHNAPF respectfully requests that this Honorable Court:

    a. declare that the IMPORTANT INFORMATION ENCLOSED Envelope violates Section 1692f(8) of the FDCPA;

    b. enjoin Defendant MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope in conjunction with any future collection letters;

    c. award Plaintiff statutory damages of up to $1,000; and

    d. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count II – Class Action Claim for Violations of Section 1692f(8) of the FDCPA**

49. Plaintiff CYNTHIA SCHNAPF realleges the above paragraphs as though fully set forth herein.

50. More that forty consumers with addresses located within this Judicial District were mailed collection letters inside of IMPORTANT INFORMATION ENCLOSED Envelopes.

51. The factual and legal issues related to the lawfulness of MCM mailing collection letters inside of IMPORTANT INFORMATION ENCLOSED Envelopes are common and typical for all proposed class members.

52. MCM's use of the IMPORTANT INFORMATION ENCLOSED Envelope satisfies the elements of typicality, commonality, predominance and superiority.

53. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

54. Plaintiff will fairly and adequately represent the proposed class members who are defined as follows:

> All persons with mailing addresses within this District who were mailed letters seeking to collect debts originally owed in relation to a Credit One Bank, N.A. credit card where the envelopes used to mail the collection letters were embossed with the words "IMPORTANT INFORMATION ENCLOSED" and "ATTENTION REQUESTED".

55. The class period is limited to one year from the filing of this lawsuit or until the unlawful conduct ends. The class is subject to amendment if there are less than 40 class members who received the subject envelope or letter from the above identified creditor.

56. The proposed class can be defined by MCM's records.

WHEREFORE, Plaintiff CYNTHIA SCHNAPF respectfully requests that this Honorable Court:

   a. declare that the IMPORTANT INFORMATION ENCLOSED Envelope violates Section 1692f(8) of the FDCPA;

   b. enjoin Defendant MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope in conjunction with any future collection letters;

   c. award class members maximum statutory damages;

   d. award class members actual damages if they paid their subject debts after receiving a collection letter in the IMPORTANT INFORMATION ENCLOSED Envelope; and

   e. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count III – Class Action Claims Pursuant to Section 1692e of the FDCPA**

57. Plaintiff CYNTHIA SCHNAPF realleges the above paragraphs as though fully set forth herein.

58. More that forty consumers with addresses located within this Judicial District were mailed collection letters similar to the Collection Letter received by Plaintiff where the letters contained discounted payment options the phrase "[w]e are not obligated to renew any offers provided."

59. The factual and legal issues related to the lawfulness of MCM mailing of similarly formatted letters and the use of the phrase "[w]e are not obligated to renew any offers provided" are common and typical for all proposed class members.

60. Section 1692e of the FDCPA prohibits a debt collector using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

61. As explained above, the transmittal of the Collection Letter inside of IMPORTANT INFORMATION ENCLOSED Envelope where the Collection Letter contained a time-limited discounted settlement offer and the Collection Letter contained phrase "[w]e are not obligated to renew any offers provided" constitutes a false, deceptive and/or misleading representation or means in the connection of the collection of a consumer debt in violation of Section 1692e of the FDCPA.

62. These allegations satisfy the elements of typicality, commonality, predominance and superiority.

63. The proposed Letter based 1692e class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters to attempt to collect debts originally owed to Credit One Bank where the letters were mailed inside of IMPORTANT INFORMATION ENCLOSED Envelopes and the letters described time-limited settlement offers and the letters included the phrase "[w]e are not obligated to renew any offers provided".

**WHEREFORE**, Plaintiff CYNTHIA SCHNAPF respectfully requests that this Honorable Court:

a. declare that the Letter violated Section 1692f the FDCPA by (a) mailing the Letter inside of the IMPORTANT INFORMATION ENCLOSED Envelope, (b) were the letters described time-limited settlement offers and (c) the letters included the phrase "[w]e are not obligated to renew any offers provided";

b. Enjoin MCM from using the letter as it is currently formatted;

c. Enjoin MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope;

d. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

e. award Plaintiff statutory damages of $1,000;

f. award class members maximum statutory damages; and

g. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count IV – Class Action Claim Pursuant § 1692e(2)(A) of the FDCPA**

64. Plaintiff CYNTHIA SCHNAPF incorporates realleges the above paragraphs as though fully set forth herein.

65. More that forty consumers with addresses located within this Judicial District were mailed collection letters similar to the Letter received by Plaintiff where the letters contained *unidentified* "Bi-weekly payments" and the phrase "[w]e are not obligated to renew any offers provided."

66. The factual and legal issues related to the lawfulness of MCM mailing of similarly formatted letters and the use of the phrase "[w]e are not obligated to renew any offers provided" are common and typical for all proposed class members.

67. Section 1692e(2)(A) prohibits "[t]he false representation of - the character, amount, or legal status of any debt."

68. As explained above, the transmittal of the Collection Letter inside of IMPORTANT INFORMATION ENCLOSED Envelope where the Collection Letter contained a time-limited discounted settlement offer and the Collection Letter contained phrase "[w]e are not obligated to renew any offers provided" constitutes a false, deceptive and/or misleading representation or means in the connection of the collection of a consumer debt in violation of Section 1692e(2)(A) of the FDCPA.

69. At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside an IMPORTANT INFORMATION ENCLOSED Envelope within one year of the filing of this lawsuit and the collection letters contained settlement offers and the phrase "[w]e are not obligated to renew any offers provided".

70. These allegations satisfy the elements of typicality, commonality, predominance and superiority.

71. The proposed Letter based Section 1692e(2)(A) class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters to attempt to collect debts originally owed to Credit One Bank where the letters were mailed inside of IMPORTANT INFORMATION ENCLOSED Envelopes and the letters described time-limited settlement offers and the letters included the phrase "[w]e are not obligated to renew any offers provided".

**WHEREFORE**, Plaintiff CYNTHIA SCHNAPF respectfully requests that this Honorable Court:

   a. declare that the Letter violated Section 1692f the FDCPA by (a) mailing the Letter inside of the IMPORTANT INFORMATION ENCLOSED Envelope, (b) were the letters described time-limited settlement offers and (c) the letters included the phrase "[w]e are not obligated to renew any offers provided";

   b. Enjoin MCM from using the letter as it is currently formatted;

   c. Enjoin MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope;

    d. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

    e. award Plaintiff statutory damages of $1,000;

    f. award class members maximum statutory damages; and

    g. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count V – Class Action Claim Pursuant § 1692e(10)(A) of the FDCPA**

72. Plaintiff CYNTHIA SCHNAPF incorporates realleges the above paragraphs as though fully set forth herein.

73. The factual and legal issues related to the lawfulness of MCM mailing of similarly formatted letters and the use of the phrase "[w]e are not obligated to renew any offers provided" are common and typical for all proposed class members.

74. Section1692e(10) specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

75. As explained above, the transmittal of the Collection Letter inside of IMPORTANT INFORMATION ENCLOSED Envelope where the Collection Letter contained a time-limited discounted settlement offer and the Collection Letter contained phrase "[w]e are not obligated to renew any offers provided" constitutes a false, deceptive and/or misleading representation or means in the connection of the collection of a consumer debt in violation of Section 1692e(10) of the FDCPA.

76. At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside an IMPORTANT INFORMATION ENCLOSED Envelope within one year of the filing of this lawsuit and the collection letters contained settlement offers and the phrase "[w]e are not obligated to renew any offers provided".

77. These allegations satisfy the elements of typicality, commonality, predominance and superiority.

78. The proposed Letter based Section 1692e(10) class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters to attempt to collect debts originally owed to Credit One Bank where the letters were mailed inside of IMPORTANT INFORMATION ENCLOSED Envelopes and the letters described time-limited settlement offers and the letters included the phrase "[w]e are not obligated to renew any offers provided".

**WHEREFORE**, Plaintiff CYNTHIA SCHNAPF respectfully requests that this Honorable Court:

a. declare that the Letter violated Section 1692f the FDCPA by (a) mailing the Letter inside of the IMPORTANT INFORMATION ENCLOSED Envelope, (b) were the letters described time-limited settlement offers and (c) the letters included the phrase"[w]e are not obligated to renew any offers provided";

b. Enjoin MCM from using the letter as it is currently formatted;

c. Enjoin MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope;

d. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

e. award Plaintiff statutory damages of $1,000;

f. award class members maximum statutory damages; and

g. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

**Count VI – Class Action Claim Pursuant § 1692f of the FDCPA**

79. Plaintiff CYNTHIA SCHNAPF incorporates realleges the above paragraphs as though fully set forth herein.

80. More that forty consumers with addresses located within this Judicial District were mailed collection letters similar to the Letter received by Plaintiff where the

letters contained *unidentified* "Bi-weekly payments" and the phrase "[w]e are not obligated to renew any offers provided."

81. The factual and legal issues related to the lawfulness of MCM mailing of similarly formatted letters and the use of the phrase "[w]e are not obligated to renew any offers provided" are common and typical for all proposed class members.

82. Section 1692f of the FDCPA prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

83. As explained above, the transmittal of the Collection Letter inside of IMPORTANT INFORMATION ENCLOSED Envelope where the Collection Letter contained a time-limited discounted settlement offer and the Collection Letter contained phrase "[w]e are not obligated to renew any offers provided" constitutes a false, deceptive and/or misleading representation or means in the connection of the collection of a consumer debt in violation of Section 1692f of the FDCPA.

84. At least 40 persons with addresses from within this District were sent a collection letter by MCM where the collection letter was mailed inside an IMPORTANT INFORMATION ENCLOSED Envelope within one year of the filing of this lawsuit and the collection letters contained settlement offers and the phrase "[w]e are not obligated to renew any offers provided".

85. These allegations satisfy the elements of typicality, commonality, predominance and superiority.

86. On information and belief, consumers may have paid their debts as a result of MCM's above violations of the FDCPA.

87. The proposed class is defined as follows:

> All persons with mailing addresses within this District who were mailed collection letters to attempt to collect debts originally owed to Credit One Bank where the letters were mailed inside of IMPORTANT INFORMATION ENCLOSED Envelopes and the letters

described time-limited settlement offers and the letters included the phrase "[w]e are not obligated to renew any offers provided".

**WHEREFORE**, Plaintiff CYNTHIA SCHNAPF respectfully requests that this Honorable Court:

a. declare that the Letter violated Section 1692f the FDCPA by (a) mailing the Letter inside of the IMPORTANT INFORMATION ENCLOSED Envelope, (b) were the letters described time-limited settlement offers and (c) the letters included the phrase"[w]e are not obligated to renew any offers provided";

b. Enjoin MCM from using the letter as it is currently formatted;

c. Enjoin MCM from using the IMPORTANT INFORMATION ENCLOSED Envelope;

d. require MCM to prominently use the phrase "we may, but are not obligated to, renew this offer" in any future collection letters that provided discounted payment options;

e. award Plaintiff statutory damages of $1,000;

f. award class members maximum statutory damages; and

g. award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k.

*Plaintiff demands a jury trial*

Respectfully submitted, on behalf of
Plaintiff CYNTHIA SCHNAPF,

*/s/  James C. Vlahakis*
SULAIMAN LAW GROUP, LTD.                Date: 7/3/2020
2500 South Highland Ave.,
Suite 200
Lombard, IL  60148
(630) 575 – 8181
Jvlahakis@sulaimanlaw.com